SMITH, Justice,
for the Court:
Jerry Dean Pounders was convicted of aggravated assault upon a law enforcement officer and sentenced to serve a term of 15 years in the penitentiary, with 5 years suspended during good behavior. He has appealed here.
The episode out of which the prosecution arose began with a severe beating administered to his wife by Pounders. She escaped with their children and ran next door to the house of a neighbor. The neighbor had already called the police. When the police arrived Mrs. Pounders signed an affidavit charging Pounders with having committed the assault and battery upon her. The officers went to the door of Pounders’ home and, having identified themselves to Pound-ers, informed him that he was under arrest. Pounders’ answer was “the first man through that door is a dead-” At this time Pounders was seated facing the door with a rifle across his lap. He was told several times by the officers to throw the rifle down. He refused to do this and responded by shooting at one of the officers. Thereupon the officers returned the fire and in the ensuing exchange of shots, Pounders shot Officer Hall three times. Pounders withstood a siege of some 30 minutes but was finally forced out of the house with tear gas. This was not, however, before Pounders had shot another officer.
Pounders’ defense was insanity. On this issue two psychiatrists testified for the defense and several lay witnesses testified for both sides. On the basis of all of this testimony, (and there was a great deal of it), an issue of fact was created as to whether Pounders had been sane or insane at the time he shot the officers. This issue was properly submitted to the jury by the trial court for determination under instructions drafted and requested by the defense as well as by the State. The action in overruling objections to certain instructions in the lower court is not assigned as error on appeal. The jury returned a verdict finding Pounders guilty of the offense charged.
On appeal, it is argued on behalf of Pounders that the verdict was against the overwhelming weight of the evidence. It is contended that the testimony of the expert witnesses was conclusive upon the issue of sanity and that the testimony of the many lay witnesses was incapable of creating an issue of fact for determination by the jury. A similar contention was rejected in Smith v. State, 245 So.2d 583 (Miss.1971):
The thrust of appellant’s argument on this point is that the jury was bound to accept the expert opinions of the two psychiatrists who testified for him upon the issue of insanity. The opinions of these experts were, of course, competent and relevant to the issue. However, un-contradicted evidence before the jury acquainted the jurors with the conduct of the appellant before, at the time of, and subsequent to the homicide. ... It was the prerogative Of the jury, and it was its duty, to consider all of this evidence. The jury was not deprived of the right to use common sense or of applying the lessons of human experience in resolving the question of whether the appellant had or had not appreciated the nature and consequences of his act and had or had not known that it was wrong. The expert opinions of the psychiatrists were not conclusive upon that issue. (245 So.2d at 585).
We hold that the testimony of the doctors in this case was not so precise or so soundly based or so closely related to the time of the *906 shooting or so exclusive of the possibility that Pounders was sane and had known that in shooting the officers he was doing wrong, as to be conclusive.
It was the jury’s prerogative to consider the testimony of the expert witnesses along with all of the other testimony in the case bearing upon Pounders’ mental condition, including testimony as to his behavior and demeanor, which reasonably tended to show that Pounders had not been insane. The evidence was ample to support the jury’s finding, as reflected by its verdict, that at the time he shot the officers he had been sane and capable of distinguishing right from wrong.
Other points argued have been examined and considered and are without merit.
AFFIRMED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.